**James R. GORSKI,**

v.

**WESTERN ELECTRIC CO., INC.**

---

* Honorable William W. Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

Lucent Technologies Inc.; Western
Electric Co., Inc.

v.

Lubricant Packaging & Supply
Company, Inc.; Manz
Watts Inc.

No. 00–2636.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Feb. 25, 2002.

Filed May 8, 2002.

Before ROTH and FUENTES, Circuit
Judges GIBSON *, Circuit Judge.

OPINION

ROTH, Circuit Judge.

On August 3, 2000, the United States
District Court for the Eastern District of
Pennsylvania granted summary judgment
against James Gorski on his claims against
Lucent. We have jurisdiction to hear the
appeal pursuant to 28 U.S.C. 1291. Our
review of a grant of summary judgment is
plenary. See *Metro Transp. Co. v. North
Star Reinsurance Co.*, 912 F.2d 672, 678
(3rd Cir.1990). A movant is entitled to
judgment as a matter of law if, when view-
ing the facts and all reasonable inferences
drawn therefrom in a light most favorable
to the non-moving party, "there is no gen-
uine issue as to any material fact."
*Woessner v. Air Liquide, Inc.*, 242 F.3d
469, 471 (3d Cir.2001) citing Fed.R.Civ.P.
56(c).

* Honorable John R. Gibson, Senior Circuit
Court Judge for the Eighth Circuit, sitting by    designation.

Gorski's suit was based on injuries he suffered while cleaning machinery with a substance containing trichloroethane. Gorski contends that the substance was dangerous and that its container lacked adequate warning. He brought claims based on strict liability under the Pennsylvania version of Section 402A of the Restatement (Second) of Torts, negligence, and breach of warranty.

Under Pennsylvania law, the adequacy of a warning is a question of law to be answered by the trial judge. See *Mackowick v. Westinghouse Electric Co.*, 525 Pa. 52, 575 A.2d 100, 102 (1990). Gorski argues that the warnings were inadequate because trichloroethane can be absorbed through the akin. Gorski also contends that he knew of the dangers of using the cleaning substance without adequate ventilation but that he did not appreciate the risks under the circumstances. The container, however, had a label which warned "use only with adequate ventilation" and "avoid prolonged or repeated contact with the skin."

■ After reviewing the record, the District Court concluded that Gorski read, understood and disregarded the warning label when he used the cleaning substance without gloves in an unventilated room. The court also noted that Gorski received training in the proper use of this and similar substances. We conclude that the District Court did not err in determining that the warnings were adequate and ignored. The evidence overwhelmingly indicates that Gorski had knowledge of the risks inherent in using the cleaning substance and proceeded to use it in disregard of the warnings.

■ As for the negligence and breach of warranty claims, the District Court found the negligence claim deficient because Gorski failed to prove specific facts to demonstrate either that the trichloroethane was defective or that Lucent acted without due care. The breach of warranty claim is time barred. In Pennsylvania, breach of warranty actions must be filed within four years of the date that the seller delivers the goods, even if the breach is undiscovered until after delivery. See *Nationwide Insurance Co. v. General Motors Corp./ Chevrolet Motor Division*, 533 Pa. 423, 625 A.2d 1172, 1174 (1993). The record suggests that the trichloroethane was delivered to Western Electric (Lucent's predecessor) sometime prior to 1984. This claim was filed in 1998. The District Court found no evidence to support Gorski's assertion that the substance was delivered at a later time and properly concluded that Gorski's breach of warranty claim was time barred.

In addition to his substantive claims, Gorski claims that the District Court abused its discretion by not providing additional discovery and a hearing to present additional material facts which could refute these conclusions. He contends that this hearing would present material issues of fact and demonstrate that summary judgment was unwarranted. Gorski also claims on appeal that the District Court should have allowed leave to supplement his response and should have allowed expert testimony on the adequacy of the warning label. We do not reach these issues because the overwhelming evidence demonstrates that a reasonable trier of fact could have concluded only that the warnings on the substance were adequate and disregarded.

For the above reasons, we will affirm the judgment of the District Court.